
UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DEONTE JONES,

Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC,

Defendant.

Case No.:  25-cv-00946-WQH-SBC

**ORDER**

HAYES, Judge:

On April 21, 2025, Plaintiff Deonte Jones ("Plaintiff"), proceeding pro se, initiated this action by filing a Complaint. (ECF No. 1.) The same day, Plaintiff filed an Application to Proceed to Proceed in District Court Without Prepaying Fees or Costs (the "Application") (ECF No. 2) and a Motion for Leave to Electronically File Documents (ECF No. 3).

All parties instituting a civil action in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a); S.D. Cal. CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the

court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Plaintiff has failed to complete all required free-response fields regarding his income, assets, expenses, dependents, and debts. Aside from stating that he receives an average of $290.00 per month in public assistance, Plaintiff left the remaining sections of his Application either blank or marked "N/A." (ECF No. 2 at 1–5.) Due to Plaintiff's failure to provide the Court with sufficient information concerning his finances, the Court is unable to determine that Plaintiff is entitled to proceed IFP. *See Escobedo*, 787 F.3d at 1234; *Contreras v. Vazquez*, No. 08cv1362 BEN (WMC), 2008 WL 4925024, at *1 (S.D. Cal. Nov. 14, 2008) (denying a motion to proceed IFP due to the plaintiff's failure to "specify his expenses"); *Duell Fam. Tr. v. Ford*, No. 24-CV-316 JLS (VET), 2024 WL 816615, at *2 (S.D. Cal. Feb. 27, 2024) (same).[1]

IT IS HEREBY ORDERED that the Application (ECF No. 2) is denied without prejudice. No later than thirty (30) days from the date this Order is entered, Plaintiff may refile an IFP motion that addresses the deficiencies identified in this Order. If no motion is filed, the Court will dismiss the Complaint and direct the Clerk of the Court to close the case. The Clerk of the Court is instructed to provide Plaintiff with a copy of the long-form "Application to Proceed in District Court Without Prepaying Fees or Costs" (AO 239).[2]

Dated:  May 14, 2025

Hon. William Q. Hayes
United States District Court

---

[1] The Court also notes that Plaintiff has failed to sign the Application. (*See* ECF No. 2 at 1.)

[2] The Motion for Leave to Electronically File Documents (ECF No. 3) remains pending.