UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTE JONES,<br><br>                            Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION<br>SERVICES, LLC,<br><br>                            Defendant. | Case No.:  25-cv-00946-WQH-SBC<br><br>**ORDER** |

HAYES, Judge:

## I.    PROCEDURAL BACKGROUND

On April 21, 2025, Plaintiff Deonte Jones ("Plaintiff"), proceeding pro se, initiated this action by filing a Complaint. (ECF No. 1.) The same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) and a Motion for Leave to Electronically File Documents (ECF No. 3).

On April 28, 2025, Plaintiff filed a Notice of Supplement to Complaint in which he attached "additional exhibits in support of [his] claims asserted against Defendant Equifax Information Services, LLC." (ECF No. 4.)

On May 14, 2025, the Court issued an Order denying Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) because "Plaintiff

ha[d] failed to complete all required free-response fields regarding his income, assets, expenses, dependents, and debts." (ECF No. 5 at 2.)

On May 16, 2025, Plaintiff filed the now pending Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion to Proceed In Forma Pauperis"). (ECF No. 6.)

## II.    MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS

Pursuant to the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Southern District of California ("ECF Manual"), pro se litigants are required to submit and file all documents in paper form unless the Court grants the litigant leave to electronically file. *See* ECF Manual § 2(b).

Plaintiff's Motion for Leave to Electronically File Documents (ECF No. 3) contends that Plaintiff has regular access to the technical requirements necessary to e-file successfully and asks the Court for permission to file documents electronically.

Based on Plaintiff's representations, the Court grants Plaintiff leave to electronically file. Plaintiff is required to follow all rules and policies in the ECF Manual, available via the Court's website. As stated in the ECF Manual, Plaintiff "must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days." ECF Manual § 2(b).

## III.    MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting a civil action in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *See id.*

In his Motion to Proceed In Forma Pauperis, Plaintiff states that he is not presently employed, earns $390.00 in total monthly income, and has no assets beyond a motor vehicle worth $900.00. (*See generally* ECF No. 6.) Based on Plaintiff's representations, the Court determines that Plaintiff cannot afford to pay the filing fee in this case. Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 6) is granted pursuant to 28 U.S.C. § 1915(a).

## IV.    INITIAL SCREENING OF THE COMPLAINT

### A. Legal Standard

Because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the Court must sua sponte dismiss an IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the

defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**B. Allegations in the Complaint**

On February 27, 2025, Plaintiff sent Defendant Equifax Information Services, LLC ("Equifax") a written dispute letter related to an account with USAA Saving Bank (the "Account"). (Compl., ECF No. 1 ¶¶ 17–18, 20.) "The Accounts were clearly described and identified" and the errors, which consisted of inaccurate and incomplete information, "were clearly spelled out for Equifax to understand the nature of the errors." *Id.* ¶¶ 21–23. On March 10, 2025, Equifax received the letter. *Id.* ¶ 24. It is unclear whether Equifax properly notified the furnishers of the Accounts of the dispute. *Id.* ¶ 25.

"Equifax knew it was not allowed to report incomplete or inaccurate information[,] or information that could not be verified[,] but it did so anyway." *Id.* ¶ 28. "A reasonable investigation would have certainly resulted in the correction or deletion of the Account as the information related to the Accounts consisted of data directly from credit reports produced by Equifax," however, "Equifax has refused to invest the time, money, and effort to carry out its federally mandate[d] dut[y] of investigation." *Id.* ¶¶ 34, 36. "Equifax negligently, recklessly, wantonly and/or willfully violated the requirement of a reasonable investigation as required under the [Fair Credit Reporting Act (the 'FCRA')]." *Id.* ¶ 37.

Additionally, "Plaintiff requested [his] full file disclosure" pursuant to Section 1681(g) of the FCRA, but Equifax "refused" to give it to him. *Id.* ¶¶ 47, 49. Specifically, "Equifax knew Plaintiff had requested this information and had identified who the Plaintiff was and requested the file be sent to Plaintiff's home address." *Id.* ¶ 51. "Without having access to all the information in Plaintiff's file, Plaintiff is unable to determine if there is additional inaccurate/incomplete information that Plaintiff needs to dispute had Plaintiff been given the full file as required by law." *Id.* ¶ 55.

As a result of Equifax's misconduct, Plaintiff has suffered

actual damages because of these illegal actions by Equifax in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation,

4

embarrassment, amongst other negative emotions (and Plaintiff had physical manifestations of such emotions), damage to credit, damage to Plaintiff['s] creditworthiness, economic loss, money spent for mailing, as well as suffering from unjustified and abusive invasions of personal privacy. All such damages have suffered in the past, are continuing to be suffered, and such damages will continue in the future.

*Id.* ¶ 45.

Plaintiff now brings seven claims for relief against Defendant Equifax, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## C. Discussion

The FCRA aims to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The statute generally prohibits the inclusion of certain information in consumer credit reports and mandates the implementation of procedural safeguards. 15 U.S.C. §§ 1681c-1(a)(1), 1681i(a). The FCRA provides for private causes of action for negligent and willful noncompliance with its requirements. 15 U.S.C. §§ 1681n, 1681o. Courts have concluded that "general allegations are sufficient to maintain a claim for willful violations of the FCRA." *Barrios v. Equifax Info. Servs., LLC*, No. CV 19-5009 PSG (JEMx), 2019 WL 7905897, at *5–6 (C.D. Cal. Oct. 28, 2019) (collecting cases).

Plaintiff's claims against Equifax arise under three sections of the FCRA: 15 U.S.C. §§ 1681e; 1681g; 1681i. The essential elements of each claim are outlined below.

### 1. § 1681e

To successfully allege a claim under Section 1681e, a plaintiff must allege that (1) an inaccuracy existed on his credit report (2) as the result of unreasonable procedures on the defendant's part (3) that caused him cognizable harm. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

### 2. § 1681g

The FCRA requires the nationwide credit reporting companies—TransUnion, Equifax, and Experian—to provide consumers with a free copy of their credit report, at the

5

consumer's request, once every twelve months. 15 U.S.C. §§ 1681g, 1681j(a)(1)(A); *see also* 12 C.F.R. § 1022.136. This requirement, however, "shall apply ... only if the request from the consumer is made using the centralized source established for such purpose …." *Id.* § 1681j(a)(1)(B).

### 3. § 1681i

"[A] plaintiff states a claim under § 1681i when she alleges: (1) that her credit report contained an inaccuracy; (2) that she notified the [credit reporting agency] of her dispute and requested a reinvestigation; and (3) that the [credit reporting agency] did not remove the inaccuracy." *Hamm v. Equifax Info. Serv., LLC*, No. CV-17-03821-PHX-JJT, 2018 WL 3548759, at *4 (D. Ariz. July 24, 2018).

Liberally construing the Complaint, as required at the screening stage and in light of Plaintiff's pro se status, the Court finds that Plaintiff has alleged facts sufficient to state a plausible claim for relief as to each of his claims. Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Plaintiff is automatically entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that "service be made by a United States marshal or deputy marshal or by a person specially appointed by the court … if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## V.    CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Electronically File Documents (ECF No. 3) is granted.

IT IS FURTHER ORDERED that the Motion to Proceed In Forma Pauperis (ECF No. 6) is granted. The Clerk of the Court shall issue a summons and provide Plaintiff with the summons, certified copies of both this Order and the Complaint, and a blank U.S.

Marshal Form 285. Plaintiff shall complete the U.S. Marshal Form 285 and forward the Form 285 and the designated copies of this Order and the Complaint to the U.S. Marshal. The U.S. Marshal shall serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on the U.S. Marshal Form 285.

Dated:  July 7, 2025

Hon. William Q. Hayes
United States District Court

25-cv-00946-WQH-SBC